The first case this morning is 523-1272, People v. Wade. Arguing for the appellant is David Harris. Arguing for the appellee is 711 student Shamil Wyckoff under the supervision of Jessica Theoratos. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Morning, counsel. How is everybody? Good morning. Doing well. Good morning, Your Honor. How are you? We're doing well. So as the clerk stated, Mr. Wyckoff is going to argue the case today. We've got Ms. Theoratos on camera, I think, in case she needs to answer a question or take care of anything. But with all that being said, Mr. Wyckoff, are you ready to proceed? Your Honor, I believe this state is the appellee. I'm sorry. I am confused. I apologize. When you have a couple days of these, they kind of run together. So I apologize for that. So, Mr. Harris, go right ahead. Yes, and it's Monday morning. No need to apologize. May it please the court, I'm David Harris on behalf of the appellant, Mr. Wade. This court should remand this case for new post-plea proceedings because the trial court failed to properly admonish Mr. Wade in accordance with two Supreme Court rules, Rule 605C regarding the steps to challenge one's guilty plea, and Rule 401A regarding proceeding pro se during those proceedings. Either of these violations requires new post-plea proceedings on their own, and I'll address them in turn. Rule 605C requires trial courts to admonish defendants after they enter a negotiated plea that if they wish to appeal their guilty plea, they must first file a motion to vacate the judgment and withdraw plea. Crucially here, the rule requires courts to inform defendants that if they cannot afford an attorney, one will be appointed to assist the defendant with the preparation of the motions. That last part is a direct quote from the rule, that they will have counsel appointed to assist the defendant with the preparation of the motions. This was especially important here because Mr. Wade was pro se for this guilty plea. The trial court below instead told Mr. Wade he could have counsel appointed only if he could not afford an attorney for his appeal, but the rule requires advice that he has the right to counsel in the circuit court for the filing of a motion to challenge his plea. The appeal can only happen after that motion to withdraw is resolved, and the court never told him he could have an attorney appointed to prepare that motion in the trial court as the rule requires. This case is nearly identical to the Fourth District case in Murphy, discussed in the briefs, where they held that telling a defendant he has the right to appointed counsel on appeal does not substantially comply with Rule 605's command to inform defendants of the right to attorney to assist with post-plea motions. This court should hold just as the Fourth District did in Murphy, and the First District in Blackmun under similar circumstances, and remand for new post-plea proceedings rather than create a split of authority with those cases. The state, during its argument, will likely discuss the Supreme Court's decision in People v. Dominguez as it did in its brief. As this court listens to the state's arguments and attempts to rely on Dominguez, I'd ask it to keep in mind two things. First, in Dominguez there were written admonishments that were provided that were a verbatim copy of the rule, aside from a typo. The Supreme Court had a long discussion about whether it can consider the written admonishments in its analysis of substantial compliance and concluded that it could, and then it did rely on them, saying that while the oral admonishments were more vague, the written admonishments made perfectly clear the right to counsel. Second, I'd like this court to keep in mind regarding Dominguez that even those more vague oral admonishments were much more than here. In Dominguez, the trial court went through all the required admonishments of 605, talking about what post-plea motion needs to be filed, what would happen if the motion is granted, if it's denied, the need to file a notice of appeal, and then said counsel could be appointed for those purposes, which could include everything that came before, all the purposes of the steps of filing motions in the trial court and the appeal. So while the state's arguing about Dominguez, just keep in mind the verbatim written admonishments and the much more accurate oral admonishments that counsel could be appointed for those purposes. So for those reasons and those in the brief, the court should remand for this violation alone, the violation of 651C. The second rule violation involved 401A, the admonishments about proceeding pro se. During the post-plea proceedings, Mr. Wade told the court he engaged a private attorney, Juwan Sutton, to represent him in those proceedings. And despite this, despite this notice, the court forced Mr. Wade to argue against the state's motion to quash his subpoenas pro se without offering him counsel. It was only at the end of that hearing that the court first appointed counsel. Then the court appointed counsel at the hearing on the motion to withdraw. The court did not inform him of the nature of the charges and the maximum and minimum sentences he faced as required by Rule 401A. The state does not argue that the court satisfied 401A. Nowhere in its brief does it say this rule was satisfied. They only argue the rule doesn't apply because they claim it doesn't apply after a guilty plea, which is subject to a split of authority and Illinois Supreme Court in People v. Dias, and also because they claim Wade's waiver of counsel from well before the plea continued through the end of post-plea proceedings. However, his engagement of counsel quite obviously suffered this waiver, because all it takes is a mere request for counsel to trigger the need for new 401A admonishments. Here, he expressed not only expressed a desire for counsel, he said he had actually engaged one. And there's no authority for the state's position that private counsel does not sever a waiver while merely requesting appointed counsel would sever it. So this court should reverse and remand for new post-plea proceedings for this violation as well, or for both. But again, this court does not need to wait for the Dias decision, because either of these rule violations requires remand for new post-plea proceedings, and so this court doesn't even need to address the pending split in Dias regarding 401A, and can reverse and should reverse and remand for the 605C violation. Well, let's say hypothetically we affirm the 605C, but we have a question about the 401, which is pending. And as I'm listening, trying to look up, the PLA was just granted, and I think looking through, maybe just this past March, correct? Or is that 2024? It was last year. It has actually been fully briefed and orally argued. Okay. So that's what I was trying to do, is look at that confusing website, try to figure out where we were procedurally. So that's been argued, so that may be coming out sometime in the near future. Correct. Yeah, it was argued, I believe, in March. End of March. Okay. Let me make note of that. Yeah. And I just want to correct myself briefly. At one point, I said 651C instead of 605C. That's all right. When you start throwing numbers around, they can get confusing. And I didn't think about this until this morning when we were getting ready, and Madam Clerk said that Mr. Wade may be a non-video participant, and I'm looking at the DOC website. He is not included as an offender in custody. No, he was only sentenced to probation according to his plea deal, and I think the clerk sent him a link to be able to participate and to observe the argument today. Okay. And again, I'm sure that's in there, and with all these cases, I probably just overlooked the fact that... So he is currently on probation. I believe he might still be on it, or he may have already completed probation. I'm not sure. Remind me, if he's completed probation, do we still have jurisdiction? I think with the appeal being filed before and the chance to withdraw the plea, I would say yes. Okay. I'm putting that out there for answers. Yeah. He was sentenced to 30 months probation. May 22nd, 2023.  Thank you, Justice. Before we move on, just to show, Justice Vaughn, do you have any questions for Mr. Harris? No questions. No questions. Thank you. All right.  And obviously, you're going to have your time for rebuttal. Mr. Wyckoff, go right ahead. Good morning, Your Honors. Counsel, may it please the court. My name is Shmuel Wyckoff. I'm a 7-11 legal intern appearing under the supervision of Attorney Jessica Theodoratos for the state. This court should affirm defendant's conviction and sentence because the trial court substantially complied with Supreme Court Rules 605C and 401A. Both of these rules are related to the right to counsel, but they're not the right to counsel itself. Rather, they are only tangentially related to the constitutional right. That is why Illinois courts have long held that strict may not have strictly complied with the relevant Supreme Court rules. The constitutional right they are meant to protect is fully upheld. Turning to Supreme Court Rule 605C, case law supports the proposition that the trial court here substantially complied with the rule. This case essentially turns on whether this court will follow our Supreme Court's decision in Dominguez or whether it will follow an unpublished case from the 4th District, People v. Murphy, and a wrongly decided case out of the 1st District, People v. Blackmun. The Dominguez case stands for the proposition that as long as a defendant is informed of his right to appeal, the need to file post-plea motions to perfect that appeal, and the availability of court-appointed counsel, the trial court has substantially complied with the rule. That is exactly what happened here. Defendant was notified of his appellate rights, the proper method of perfecting an appeal, and that he would have court-appointed counsel available. On the other hand, defendant urges this court to follow Murphy and Blackmun, which showed that a trial court's 605C admonishments were deficient. In doing so, and as the dissent in Blackmun points out, the Blackmun court entirely ignored the Supreme Court's discussion of the rule in Dominguez. And while defendant seeks to distinguish Dominguez because the defendant in that case received a written admonition and the trial court's statement about the right to counsel was more general, our Supreme Court's discussion in Dominguez should still control this case. There in Dominguez, our Supreme Court discussed and sided with approval in reJT. The Supreme Court pointed out that the trial court in JT told the defendant, quote, if you go up on appeal and you are unable to hire an attorney to represent you, the court will appoint an attorney for you, unquote. That language is similar to the trial court's admonition here, where the trial court informed defendant that he could have an appointed attorney on appeal. And like this court should hold here, the Supreme Court in JT held that the to substantially comply with 605C because it put the defendant on notice that he could challenge his guilty plea. But to do so, some action was required of him within 30 days. The Supreme Court's conclusion in Dominguez, which is binding on this court, unlike Murphy and Blackmun, they reached that conclusion despite the fact that in that case, the trial court did not explicitly inform defendant that he was entitled to have an attorney appointed to help prepare the post-plea motions. This court should affirm because the trial court substantially complied with Rule 605C. Turning to Supreme Court Rule 401A, this court should affirm defendant's conviction and sentence for two reasons. Number one, the policy behind Rule 401A supports the proposition that the rule does not apply post-sentencing. And as defendant pointed out, that currently is pending in the Supreme Court. And number two, the trial court's original admonishments fully informed defendant of his rights. Any deficiencies in subsequent admonishments did not prejudice these rights. First, this court should hold that 401A does not apply after defendant has been sentenced. If this court is inclined to wait for the Supreme Court to issue a decision and dies, should the Supreme Court hold that 401A does not apply after sentencing, then the analysis would end there. If the Supreme Court holds that 401A does apply after sentencing, then this court would move on to the next analysis as to whether the trial court here substantially complied with the rule. Well, let me ask you this, Mr. Wykoff, and I should have asked Mr. Harrison, I will. Why will we not wait until the Supreme Court weighs in on Diaz? I mean, to me, it does not make any sense for us to issue a decision when it is currently pending in front of the Supreme Court with a decision looming in the very near future. Certainly, Your Honor. It would definitely be compelling for this court to wait and see what the Supreme Court says. As you said, it would not make any sense to issue a decision and possibly have that disagreed with by the Supreme Court. But if the Supreme Court does hold that 401A applies post-sentencing, here defendant's rights were not prejudiced at all. This is because as defendant concedes, he received a fully compliant 401A admonition early on in the proceedings. And this admonition remained valid for the remainder of the proceedings, because at the motion to withdraw guilty plea, the trial court offered him a continuance or appointed counsel because his private attorney hadn't come to court. And the state would point out that with this private counsel, defendant never had a retainer agreement with him. This private counsel never filed an appearance, never even showed up to court. Towards the end of the hearing on the motion to withdraw guilty plea, in the record on page 1515 and 1516, the trial court explained to defendant that if his motion to withdraw is granted, the state can reinstate all dismiss charges against him and that he could go to prison for many years. At this hearing, defendant declined appointed counsel. So when defendant decided to proceed pro se, he proceeded pro se throughout the entire proceedings and then told the court that he has some sort of arrangement with the private counsel. That's not an earnest request for counsel. So even if this court were to find any deficiencies in the trial court's admonition, defendant's rights were not prejudiced. Last, the substantial compliance has been found where the defendant would have made the same choices if he had received a strictly compliant admonition. That is from people versus where, cited in the state's brief at page 14. And here, defendant would not have made any decisions differently had he been told everything in the 401A admonition. On page 1503 and 1504, he insists upon his innocence, he insists he didn't commit the crime and that he wants to go to trial to prove his innocence. On page 1506, defendant says that he did not bring his mental health diagnoses to the court's attention for fear that the court would not allow him to continue as his own attorney. The record clearly reflects here that defendant was insistent upon going to trial and acting as his own attorney, and the trial court properly, based on the principles regarding motions to withdraw, properly denied that motion. So in sum, the trial court substantially admonished defendant under Supreme Court Rule 605C and 401A. And unless the court has any questions, the state respectfully asks this court to affirm defendant's conviction and sentence. Thank you. Justice Scholar or Justice Vaughn, do you have any questions for Mr. Wyckoff? No questions. I have a question just to try and clarify the record. Initially, the trial court did not advise the defendant that an attorney could be appointed to help him in preparation of motions. It only said that an attorney would be appointed to represent you on appeal. But at the September 18th, 2023 hearing, didn't the court cure that when the defendant told the court his attorney was not able to attend due to prior engagements? Didn't the court then inform him that he was entitled to have counsel appointed, and that that counsel would help him prepare any motions needed to prepare? Does that not cure it, or is that too late? Well, Your Honor, I think that goes directly to the prejudice involved. Here, defendant was informed of his rights at every single step of the way, and he still maintained his insistence upon sticking with his motions and trying to overturn his guilty plea. But Your Honor is correct that the trial court at subsequent hearings did inform the defendant of his rights to counsel. Thank you. No other questions. Thank you. Recording resumed. Moving on, Mr. Harris, to your rebuttal. I'm not going to tell you how to treat your rebuttal, but I'd really like to hear your response to Justice Vaughn's last question. Yes, and I will start there, but first I'd like to compliment Mr. Wyckoff on his argument here as a 7-Eleven student. And yes, Mr. Vaughn, at that final hearing on September, were you asking about the hearing on the motion to withdraw September 29th or September 8th? I believe September 18th. So, the 18th. Well, I'm sorry, he filed the motion on the 18th, the hearing was on the 29th, that is correct. Yeah, and just so we're clear, to follow up, I believe that was the motion to quash the subpoenas? That was on September 8th before his final amended motion. On September 18th, my understanding is the defendant filed a second motion, amended motion to withdraw his guilty plea, where he re-asserted the previous claims and added some new claims, and then that hearing was held on the 29th. Correct. And that's when his attorney did not appear, or could not appear, and the court acquired further. Yes. So, did I misunderstand? Did the court advise him then that an attorney, if his attorney wasn't going to show up, they could have one appointed who would help him with his pretrial motions, not just on the appeal, but on other motions? I don't think it was made clear that it was for pretrial motions, or post-plea motions. So, on September 8th is when he first told the court he had an attorney, a private attorney. The court said it wanted to, it didn't want to wait for the attorney, it wanted to hear arguments on the motions to quash subpoenas that day. After ruling on that, and Mr. Wade arguing pro se, then the court noted he can have an attorney appointed, but that was after already making him argue that motion pro se. But that wasn't on the subpoenas, that wasn't on the withdrawing the guilty plea. Right, that wasn't the hearing. And then he filed an amended motion on September the 18th. And then on the September 29th was the hearing on the motion to withdraw the plea. And at the outset of that, the court again told him he was entitled to have counsel for that proceeding, if he wished. But the rule requires admonishments that you're allowed to have counsel specifically to draft the motion to withdraw. He had already filed his motion and been through a second amended motion. And that actually came up in Murphy, who actually was given counsel during post-plea proceedings. The court still found that the admonishments were insufficient there because that happened at an earlier time, the admonishment happened at an earlier time. Ultimately, in Murphy, he filed his motion too late. And then there was, I believe, in the case Vaughan that I've cited in the briefs, it wasn't clear whether counsel had actually withdrawn. Yeah, he had post-plea counsel, and it wasn't clear that counsel had withdrawn. And the court said, it doesn't matter because it's clear from the drafting of the petition that he did not have help on the motion, withdraw. Mr. Wyckoff mentioned that there was no retainer for this private counsel, except all it takes to sever a continuing waiver is a mere request for counsel. You don't actually have to have one appointed or engaged. Mr. Wyckoff mentioned on page 1515 and 1516, he was told again he could have counsel. I would note that was after evidence, questioning witnesses, arguments on the motion. That was immediately before the court ruled on the motion, so not in time to draft the motion. And as far as waiting for dias, Justice Boyd, it sounds like you were concerned about that. But if this court finds a Rule 605C violation, it does not need to wait, and should not need to wait and delay justice for Mr. Wade for that other violation, because either one of these independently requires reversal. And I completely agree with that. If the 605, if we agree to reverse, then 401 goes out the window. Right. It's not necessary to address. Correct. Regarding 605, Mr. Wyckoff talked about Dominguez, which I addressed in the briefs and my initial argument, but also relied on a case cited in Dominguez, JT. But JT was a different issue. That wasn't about the admonishment about counsel. It was about admonishment of the need to file a motion at all. The right to counsel wasn't the issue there. And in fact, the JT defendant had counsel who appeared at five post-plea proceedings on his behalf. So the admonishment about right to counsel in JT isn't relevant and does not support the state's position. That was the only disputed admonishment there was whether the defendant was informed he had to file any sort of post-plea motion at all. So it doesn't really support Dominguez, doesn't make Dominguez apply in any more way than we've already discussed with those verbatim written admonishments and the more complete oral admonishments about having a right to counsel for the entire purposes of post-plea and appeal. As opposed to here, he was told he could have counsel in the appellate court, a different proceeding in an entirely different court in the appellate court. That does not substantially comply with telling him he can have counsel appointed in the trial court. And if there are no further questions, I'm out of time on my rebuttal here. Thank you, counsel. Justice Vaughn, Justice Schiller, any final questions? No questions, you both did a great job. Thank you. No other questions, thank you. Absolutely. Fine job and I would agree with Mr. Harris, Mr. Wyckoff, you did a fine job today. If we don't see you before you move on, we wish you the best of luck. Thank you, your honors. Are you graduating in the next couple weeks? No, I'm graduating next year. I'm a 2L. Okay, so a 2L. So maybe we will see you again. Possibly. Obviously, we'll take the matter under advisement. We'll issue an order in due course. We wish you all a great day. Take care.